UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JAMES CHRISTOPHER CHAMBERS,**

        **Plaintiff,**

v.                                                                                    Case No:  6:18-cv-534-Orl-40DCI

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

### REPORT AND RECOMMENDATION

James Christopher Chambers (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying his application for disability insurance benefits (DIB).  Doc. 1; R. 1-7, 102, 180-81.  Claimant argued that the Administrative Law Judge (the ALJ) erred by: 1) failing to consider Claimant's wife's statement regarding Claimant's condition; and 2) failing to weigh the opinions of Vijay Katukuri, M.D.  Doc. 17 at 15-18, 21-23.  For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**.

### I. THE ALJ'S DECISION

In December 2014, Claimant filed an application for DIB.  R. 102, 180-81.  Claimant alleged a disability onset date of October 27, 2014.  R. 180.

The ALJ issued her decision on June 7, 2017.  R. 22-34.  In her decision, the ALJ found that Claimant had the following severe impairments: disorders of the back, degenerative disc disease, and anxiety disorder.  R. 24.  The ALJ found that Claimant had a residual functional

capacity (RFC) to perform less than a full range of light work as defined by 20 C.F.R. § 404.1567(b).[1] R. 27. Specifically, the ALJ found as follows:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) (lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for 6 hours in an 8-hour workday; and, sit for 6 hours in an 8-hour workday). The claimant is able to occasionally climb and crawl and frequently balance, stoop, kneel, and crouch. The claimant ambulates with a cane. Furthermore, the claimant retains the capacity to understand, remember and carry out simple instructions, make simple decisions to usefully perform routine tasks on a sustained basis, with occasional supervision. He is able to interact occasionally with co-workers and have occasional contact with the public to cooperate in completing simple tasks and transactions. He is able to adjust to the mental demands of a work environment and respond appropriately to changes in the routine work setting.

*Id*. Based upon the foregoing RFC, the ALJ found that Claimant was capable of performing jobs that existed in significant numbers in the national economy. R. 33-34. Therefore, the ALJ found that Claimant was not disabled between the alleged onset date and the date of the ALJ's decision. R. 34.

## II.　STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III.   ANALYSIS

**A. Failure to Consider Claimant's Wife's Statement**

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 404.1546(c). In doing so, the ALJ must consider all relevant evidence. 20 C.F.R. § 404.1545(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

Here, Claimant argues that the ALJ failed to consider Claimant's wife's March 19, 2017 sworn statement (the Sworn Statement) regarding Claimant's condition. Doc. 17 at 9-11; R. 300. In addition to the Sworn Statement, Claimant's wife submitted two third-party function reports regarding Claimant's condition – one dated April 1, 2015 and the other dated June 10, 2015. R. 204-11, 259-64. These function reports are designated as Exhibit 3E and Exhibit 12E, respectively. In her decision, the ALJ stated as follows regarding Claimant's wife's statements:

> Finally, the undersigned has taken the third party function reports provided by Carey Chambers, the claimant's wife into account (Exs. 3E and 12E) pursuant to SSR 06-3p. The testimony or statement of a family member will not establish a disability unless otherwise consistent with the record. (Limberopoulos v. Shalala, 17 F.3d 975, 979 (7th Cir. 1994); Cummins v. Schweiker, 670 F.2d 81, 82-83 (7th Cir. 1982)). Some favorable bias is inherent, given the claimant's close family relationship. As such, the third party statements of the claimant's wife is given little weight. In determining the claimant's residual functional capacity, the undersigned relies more on the medical evidence and the opinion of reviewing, treating, and examining sources. Their expertise and lack of personal interest in the outcome of the case make their opinions more reliable.

R. 32. Based upon the foregoing statement, Claimant argues that the "ALJ conceded that she only considered Exhibits 3E and 12E when evaluating [Claimant's wife's] statements." R. 17. Claimant argues that the ALJ's alleged failure to evaluate and weigh the Sworn Statement was reversible error.

Upon review, the undersigned finds that Claimant's argument is without merit. The undersigned notes that it is not necessary to determine whether the ALJ erred by not specifically discussing the Sworn Statement because, regardless of whether the ALJ erred, any such error would be harmless.[2] The ALJ discussed Claimant's testimony regarding his impairments in detail.

---

[2] Typically, the ALJ is not required to discuss every piece of evidence so long as the ALJ considered Claimant's condition as a whole. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical

R. 27-28.  In addition, the ALJ explicitly considered and weighed the third-party function reports completed by Claimant's wife.  R. 32.  Claimant's wife's Sworn Statement is substantially similar to both Claimant's testimony regarding his impairments and the third-party function reports completed by Claimant's wife.[3]  R. 53-68, 204-11, 259-64, 300.  Thus, the undersigned finds that ALJ's alleged failure to consider the Sworn Statement is harmless.  *See De Olazabal v. Soc. Sec. Admin., Comm'r*, 579 F. App'x 827, 832 (11th Cir. 2014) (finding that the ALJ's failure to consider the claimant's husband's third-party function report was harmless where the third-party function report was merely cumulative of the claimant's own testimony and the medical evidence in the record).

Indeed, the only difference identified by Claimant is that, in the Sworn Statement, Claimant's wife "attested that she was a nurse and worked at a nursing and rehabilitation center as a resident care specialist manager . . . and that she had tried every modification and compensatory strategy for her husband."  Doc. 17 at 17-18.  But Claimant failed to explain how the foregoing attestation renders the Sworn Statement materially different than Claimant's testimony or the third-party function reports completed by Claimant's wife.  Claimant provided no argument or authority to suggest that Claimant's wife's statements must be given special consideration due to the fact

---

condition as a whole.'") (citation omitted).  But the parties cite to some authority suggesting that it may be error for an ALJ to fail to discuss a family member's statement.  *See Lucas v. Sullivan*, 918 F.2d 1567, 1574 (11th Cir. 1990) (directing the ALJ to consider and weigh the testimony of the claimant's daughter and neighbor on remand); *De Olazabal v. Soc. Sec. Admin., Comm'r*, 579 F. App'x 827, 832 (11th Cir. 2014) (stating that the ALJ erred in not considering the claimant's husbands third-party function report when determining the claimant's RFC).

[3] The undersigned notes that Claimant did not argue that the ALJ erred when weighing Claimant's testimony and the third-party function reports completed by Claimant's wife.  Thus, Claimant waived the argument that the ALJ erred in weighing that evidence.  *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned).

that she is a nurse at a rehabilitation center. Although Claimant states that his wife is a medical professional, he provided no argument or authority to establish that she was one of Claimant's medical providers or that she should be treated as a medical provider instead of as a family member, thus waiving any such argument. *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Gaskey v. Colvin*, No. 4:12-CV-3833-AKK, 2014 WL 4809410, at *7 (N.D. Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decision) (citing *Singh v. U.S. Atty. Gen*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")). In addition, the ALJ did not rely on Claimant's wife's experience, or lack thereof, when weighing Claimant's wife's statements. Rather, the ALJ relied on Claimant's wife's inherent bias given her close relationship with Claimant and found that the opinions of Claimant's medical providers were more reliable given their expertise and "lack of personal interest" in the outcome of Claimant's case. And Claimant did not explain how his wife's experience as a nurse would affect the ALJ's reasoning regarding Claimant's wife, or, for that matter, how it would lend more credibility to Claimant's wife's statements regarding Claimant's daily activities.

Accordingly, it is **RECOMMENDED** that the Court reject Claimant's first assignment of error.

**B. Failure to Weigh the Opinions of Vijay Katukuri, M.D.**

When determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining and non-examining medical sources. *See* 20 C.F.R. § 404.1545(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).[4]  A medical opinion is a statement from an acceptable treating, examining, or nonexamining medical source that "reflect judgments about the nature and severity of [claimant's] impairment(s), including [claimant's] symptoms, diagnosis and prognosis, what [claimant] can still do despite [his or her] impairment(s), and [claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 404.1527(c). The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned to each opinion. *Winschel*, 631 F.3d at 1179. The failure to state the weight with particularity or articulate the reasons in support of the weight prohibits the Court from determining whether the ultimate decision is rational and supported by substantial evidence. *Id*.

---

[4] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

Claimant argues that the ALJ failed to weigh Dr. Katukuri's medical opinions. Doc. 17 at 21-23. Specifically, Claimant argues that the ALJ failed to weigh the following opinions from Dr. Katukuri: (1) Dr. Katukuri's statement that Claimant is to apply for short-term disability (R. 429); (2) Dr. Katukuri's statement that Claimant's activities and functional capacity has been limited due to Claimant's pain and symptoms (R. 628); (3) Dr. Katukuri's statement that Claimant had "zero percent relief" (R. 973); and (4) Dr. Katukuri's recommendation that Claimant see a surgeon or attempt stem cell treatment or spinal cord stimulator implantation (R. 973). Claimant did not argue that the ALJ failed to consider Dr. Katukuri's records or failed to consider Claimant's condition as a whole, and, thus, waived those arguments. *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2.

Upon review, the undersigned finds that Claimant's argument is without merit. "A medical provider's treatment notes may constitute medical opinions if the content reflects judgment about the nature and severity of the claimant's impairments." *Lara v. Comm'r of Soc. Sec.*, 705 F. App'x 804, 811 (11th Cir. 2017) (citing *Winschel*, 631 F.3d at 1179). Here, the so-called opinions cited by Claimant do not reflect judgments about the nature and severity of Claimant's impairments, such as what Claimant's impairments are or how and to what extent Claimant's impairments affect his ability to function. For instance, Dr. Katukuri's statement that Claimant's functional capacity has been limited due to Claimant's pain and symptoms says nothing about the nature and severity of Claimant's impairments or how Claimant's functional capacity is purportedly limited. Rather, it is simply a general statement. Similarly, Dr. Katukuri's statements regarding short-term disability, "zero percent relief," and recommendations for future treatment do not address the nature and severity of Claimant's impairments or the manner in which Claimant's functional

capacity is purportedly limited. Thus, the undersigned finds that the foregoing statements are not medical opinions that the ALJ was required to weigh.[5]

Regardless, even assuming that the foregoing statements could be considered medical opinions that the ALJ was required to weigh, the ALJ's failure to weigh those statements is harmless error. Claimant provided no argument whatsoever to establish that Dr. Katukuri's statements directly contradict the ALJ's RFC determination. And, upon consideration, the undersigned finds that Dr. Katukuri's statements do not directly contradict the RFC.[6] Thus, the ALJ's failure to weigh Dr. Katukuri's statements is harmless error. *See Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination).

Accordingly, it is **RECOMMENDED** that the Court reject Claimant's second assignment of error.

### IV. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the final decision of the Commissioner; and

2. Direct the Clerk to enter judgment in favor of the Commissioner and against Claimant and close the case.

---

[5] To the extent that Dr. Katukuri's treatment records may contain other statements that could be considered medical opinions, Claimant waived the argument by not identifying such statements. *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2.

[6] In addition, the undersigned notes that some of the treatment records cited to by Claimant also advise Claimant to continue his normal activities, do regular pacing exercises, and avoid bed rest for extended periods of time. R. 428-29, 972-73.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 6, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy